**UNITED STATES DISTRICT COURT**

**for the**

**Southern District of New York**

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY<br><br>*Plaintiff(s)*<br><br>v.<br><br>ARCH SPECIALTY INSURANCE COMPANY and JJAA BUILDERS CORP.<br><br>*Defendants* | Docket No.: 1:24-cv-07128<br><br><br>**DEFENDANT, JJAA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) and 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JJAA's MOTION TO DISMISS**</u>

Danielle J. Reiss
MORRIS DUFFY ALONSO FALEY & PITCOFF
Office and Post Office Address
101 Greenwich Street, 22nd Floor
New York, New York 10006
T: (212) 766-1888
F: (212) 766-3252
Dreiss@mdafny.com
*Attorneys for Defendant, JJAA Builders Corp.*

**TABLE OF CONTENTS**

<u>**Page**</u>

PRELIMINARY STATEMENT…………………………………………………………………...1

RELEVANT BACKGROUND………………………………………………………………….2

LEGAL STANDARD…………………………………………………………………………..4

ARGUMENT…………………………………………………………………………...…5

1.  Ohio Security Has No Standing to Bring a Claim Against JJAA…………………………5

2.  The Court Should Refrain From Asserting Jurisdiction Over Ohio Specialty's Breach Of Contract Claims Pursuant to the Colorado River Doctrine ………………………………7

3.  Ohio Security Has Failed to State a Claim on Which Relief Can Be Granted……………9

CONCLUSION………………………………………………………………………. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Air Atlanta Eng'g Ltd. v. SP Aircraft Owner I, LLC*,
    637 F. Supp. 2d 185, 195 (S.D.N.Y. 2009)……………………………………………...…5

*Am. Alliance Ins. Co. v. Eagle Ins. Co.*,
    961 F. Supp. 652 (S.D.N.Y. 1997)……………………………………………...…8

*Amidax Trading Grp. v. S.W.I.F.T. SRCL*,
    671 F.3d 140, 145 (2d Cir. 2011)……………………………………….………4

*Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y.,*
    762 F.2d 205, 210 (2d Cir. 1985)……………………………………….…...8, 9

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)………………………………………………………….4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007)……………………………………………………….4

*Calcano v. Swarovski,*
    N. Am. Ltd., 36 F.4th 68, 75 (2d Cir. 2022)……………………………………….4

*Colo. R. Water Conservation Dist. v. U.S.,*
    424 U.S. 800, 818 (1976)………………………………………………………..7

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
    528 U.S. 167, 180 (2000)……………………………………….…..……………4

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
    146 F.3d 66, 70 (2d Cir. 1998)………………………………….………………5

*Ocean Ships, Inc. v. Stiles*,
    315 F.3d 111, 116 (2d Cir. 2002)………………………………………...…….6

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67, 75 (2d Cir. 1998)……………………………………..……...…..5

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
    347 Fed. Appx. 617, 622 (2d Cir. 2009)………………………….…………….6

*Roth v. Jennings*,
    489 F.3f 499, 509 (2d Cir. 2007)……………………………..………...………5

*Spokeo, Inc. v. Robins*,
    578 U.S. 330, 338 (2016)……………………………………………………..………4

*Warth v. Seldin*,
    422 U.S. 490, 518 (1975)…………………………………………………………….4

### Rules

Fed. R. Civ. P. 12(b)(1)…………………………………………………………...….4, 6

Fed. R. Civ. P. 12(b)(6)…………………………………………………………………4

## <u>PRELIMINARY STATEMENT</u>

This is a declaratory judgment action commenced by Ohio Security Insurance Company ("Ohio Security"), which seeks to define the rights and obligations of the parties in relation to an alleged coverage dispute.

Ohio Security claims that they have provided a defense to several entities, Carthage 124th, L.P., Key Developers Inc., Big Apple Designers, Inc., and Trogon Interiors, Inc., ("Carthage", "Key", "Big Apple" and "Trogon"), who were named as defendants/third party defendants in an underlying State Court action, captioned, *Holban Cacho v. Carthage 124th, L.P., and Key Developers Inc.*, bearing Index No.: 814517/2021E, Supreme Court, Bronx County, ("Underlying Action").

Here, Ohio Security claims that the aforementioned entities are entitled to coverage as additional insureds in the underlying action through an insurance policy issued to JJAA Builders Corp. ("JJAA"), by Arch Specialty Insurance Company ("Arch"). Further, in their Second Cause of Action, Ohio Security alleges that JJAA breached its contract with Trogon by failing to obtain additional insured coverage for Carthage, Key, and Big Apple Designers, Inc.

JJAA has not yet filed an Answer to Ohio Security's Complaint and now timely moves to dismiss all claims raised against JJAA in their entirety because Ohio Security lacks standing to sue JJAA and has failed to state a claim on which relief can be granted.

For the reasons more fully set forth below, all causes of action raised against Defendant JJAA must be dismissed in their entirety as Ohio Security has no standing to sue JJAA as they were not an intended beneficiary of the contract entered into between JJAA and Trogon, since the breach of contract claims raised here by Ohio Security are duplicative of the breach of contract claims raised in the underlying state court action by Trogon, Carthage, Key and Big Apple

Designers, Inc. Further, based on the <u>Colorado River</u> doctrine, this Court should refrain from asserting jurisdiction over the breach of contract claims against JJAA. Accordingly, Ohio Security has failed to state a claim upon which relief can be granted and all claims asserted against JJAA should be dismissed in their entirety.

**<u>RELEVANT BACKGROUND</u>**

1.  **The Underlying Action (*Holban Cacho v. Carthage 124th, L.P., and Key Developers Inc.*, 814517/2021E)**

The instant action for declaratory judgment brought by Ohio Security arises from a pending state court action entitled *Holban Cacho v. Carthage 124th, L.P., and Key Developers Inc.*, Index No.: 814517/2021E. Reiss Decl. Ex. A, Ohio Security's Declaratory Judgment Complaint at ¶ 4.

In the underlying action, filed on or about October 26, 2021, Plaintiff Cacho alleges that he sustained personal injuries on October 15, 2021, while working at a construction project, located at 224 West 124th Street, New York, New York. Reiss Decl. Ex. B, Underlying Complaint at ¶ 31.

Thereafter, on June 21, 2022, defendants in the underlying action, Carthage and Key, instituted a third-party action against Big Apple, asserting claims of negligence, claiming a right to contribution, contractual indemnification, common law indemnification and raising breach of contract claims. Reiss Decl. Ex. C, Underlying Third-Party Complaint.

Subsequently, Big Apple filed a second Third-Party Complaint on August 8, 2023, against Trogon in the underlying action. Reiss Decl. Ex. D, Underlying, Second Third-Party Complaint.

On September 25, 2023, Carthage and Key initiated a Third Third-Party Complaint, naming Trogon and moving defendant, JJAA, in the underlying action. Carthage and Key raised several causes of action against JJAA, including breach of contract claims for alleged failure to procure

insurance, entitlement to contractual and common law indemnification and for contribution. Reiss Decl. Ex. E, Underlying, Third Third-Party Complaint.

Later, on November 9, 2023, Big Apple commenced a Fourth Third-Party action against JJAA, raising breach of contract claims alleging failure to procure insurance, entitlement to contractual and common law indemnification and for contribution. Reiss Decl. Ex. F, Underlying, Fourth Third-Party Complaint.

Finally, on March 4, 2024, Trogon instituted a Fifth Third-Party action against JJAA, raising causes of action including breach of contract for failure to procure insurance, for contractual and common law indemnification and for contribution. Reiss Decl. Ex. G, Underlying, Fifth Third-Party Complaint.

As is patently evident from the multiple pleadings in the underlying matter, Carthage, Key, Big Apple, and Trogon all have pending state court claims against JJAA for breach of contract for failure to obtain insurance, claims for contractual and common law indemnification and for contribution. These claims against JJAA predate the duplicative claims now raised by Ohio Security in this action.

According to the respective pleadings filed by Carthage, Key, Big Apple, and Trogon in the underlying matter, all entities are domiciled in the State of New York. Reiss Decl. Exs. C, D and G, Underlying Third-Party Complaint ¶¶ 1-2, Underlying Second Third-Party Complaint ¶ 1, Underlying Fifth Third-Party Complaint ¶ 1. Further, JJAA is also incorporated and domiciled in the State of New York. Reiss Decl. Ex. A, DJ Complaint ¶ 6

### 2.  The Contract Between JJAA and Trogon Interiors, Inc

On or about June 6, 2021, JJAA and Trogon Interiors, Inc., entered into a contract. Specifically an Insurance Requirement Addendum was executed by both parties. Reiss Decl. Ex. H, Contract.

The only parties to the contract were JJAA and Trogon. Other defendants in the underlying matter, Carthage, Key and Big Apple, were not parties to this contract. *Id.*

## **LEGAL STANDARD**

Pursuant to Article III of the United States Constitution, case-or-controversy doctrine, a plaintiff must establish standing, which requires a plaintiff to establish that they "suffered an 'injury in fact' namely, (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). The plaintiff must demonstrate that they "had . . . standing at the outset of the litigation." *Id.* "[T]o survive [a] Rule 12(b)(1) motion to dismiss" for lack of standing, a plaintiff "must allege facts that affirmatively and plausibly suggest that [he] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SRCL*, 671 F.3d 140, 145 (2d Cir. 2011); accord *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (explaining that "at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing (alteration in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975))). A court deciding a Rule 12(b)(1) motion "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano v. Swarovski* N. Am. Ltd., 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Iqbal*, 556 U.S. at 679).

Further, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted).

4

Thus, unless a plaintiff's well-pleaded allegations have "nudged [their] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.*, at 570; *see Iqbal*, 556 U.S. at 680. "A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Moreover, documents contained in a complaint are considered to be incorporated by reference and may be considered by the court on a motion to dismiss. *Roth v. Jennings*, 489 F.3f 499, 509 (2d Cir. 2007). A court is also permitted to take judicial notice of public documents when ruling on a motion to dismiss. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). That includes considering documents filed in a separate lawsuit "to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (internal quotation omitted). In this case, it is appropriate for the Court to consider not only the exhibits attached to the Plaintiff's Complaint, but the documents filed in the underlying action as well.

## **ARGUMENT**

**1. Ohio Security Has No Standing to Bring a Claim Against JJAA:**

Preliminary, Ohio Security has no standing to make a breach of contract claim against JJAA for alleged failure to procure additional insured coverage for Carthage, Key, Big Apple, or Trogon It is well established that an entity that is neither a party to a contract nor an intended beneficiary of the contract may not sue one of the parties to the contract for breaching it. *Air Atlanta Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 195 (S.D.N.Y. 2009) at 190. Here, the subject Complaint filed by Ohio Security alleges that Trogon and JJAA entered into a contract, requiring JJAA to procure additional insured coverage. The insurance policy issued to JJAA by

5

Arch contains a privity requirement within the additional insured endorsement which specifies that the only entity that can be entitled to additional insured coverage is the particular entity who entered into the contract with JJAA.

There are no contracts between JJAA and Ohio Security. Ohio Security has not alleged that it is a party to or intended beneficiary of the Trogon-JJAA contract. Moreover , it is clear on the face of the contract, which is incorporated by reference into the complaint, that Ohio Security is neither a party to nor an intended beneficiary of the Trogon-JJAA contact.

The breach of contract claim against JJAA only belongs to Carthage, Key, Big Apple, and Trogon; all four of which have asserted the same claim against JJAA arising from the same alleged failure to procure insurance coverage, in the underlying state court action.

Should Ohio Security attempt to amend their Complaint to step into the shoes of Carthage, Key, Big Apple, and Trogon, as a subrogee, the domiciles of each entity would have to be considered in establishing diversity jurisdiction. JJAA is incorporated in New York, Key is incorporated in New York, Big Apple is incorporated in New York, Trogon is incorporated in New York and Carthage is a New York limited partnership. *See* Fed. R. Civ. P. 12(b)(1); U.S.C § 1332; *Ocean Ships*, 315 F.3d at 116. Based on the foregoing, this Court would lack subject matter jurisdiction over Ohio Security's breach of contract claim. *Panther Partners Inc. v. Ikanos Commc'ns, Inc.,* 347 Fed. Appx. 617, 622 (2d Cir. 2009).

Further, if a plaintiff insurance carrier attempting to assert claims as a subrogee has not paid the entire claim on behalf of its insured, the real parties in interest to a suit as well as the location of those parties must be considered in determining whether diversity jurisdiction has been established. *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002).

With regard to the case at bar, Ohio Security cannot make a colorable claim that it has paid all claims on behalf of Carthage, Key, Big Apple, and Trogon with regard to the underlying lawsuit. First and foremost, the underlying lawsuit is ongoing, has not been subject to a final determination or a settlement, and there is no information to indicate that Ohio Security intends to indemnify Carthage, Key, Big Apple, and Trogon for any or all damages assessed in relation to the underlying lawsuit.

Based on the applicable policy limits of the Ohio Security policy, Carthage, Key, Big Apple, and Trogon would be responsible for any liability / monetary amounts assessed that exceed the Ohio Security policy limits. Accordingly, it is clear that the actual parties in interest here are Carthage, Key, Big Apple, and Trogon, not Ohio Security.

Given the foregoing considerations, Ohio Security's Second Cause of Action against defendant JJAA must be dismissed in its entirety and Ohio Security should not be granted leave to amend their Complaint to argue they are the subrogee of Carthage, Key, Big Apple, and/or Trogon.

2. **The Court Should Refrain From Asserting Jurisdiction Over Ohio Specialty's Breach Of Contract Claims Pursuant to the Colorado River Doctrine**

The Colorado River doctrine applies where lawsuits in federal and state courts resulting from an insured loss involve related claims. *See Colo. R. Water Conservation Dist. v. U.S.,* 424 U.S. 800, 818 (1976). In Colorado River, the U.S. Supreme Court held that a district court may abstain from exercising jurisdiction where an ongoing parallel claim has been asserted in state court. Here, the breach of contract cause of action against JJAA is not just parallel or related to the underlying action, it is the exact same claim already asserted by each of Carthage, Key, Big Apple, and Trogon in the underlying action against JJAA. Any claim against JJAA for breach of contract for failure to procure insurance should be dismissed pursuant to the Colorado River doctrine because the

exact same breach of contract claim has been asserted by Carthage, Key, Big Apple, and Trogon in the underlying action which is currently pending in state court.

The factors outlined in the <u>Colorado River</u> doctrine should result in this Court's refusal to assert jurisdiction over the claims made by Ohio Security against JJAA for breach of contract.

<u>Colorado River</u> Factors:

> (1) the assumption of jurisdiction over any res or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation…(4) the order in which the concurrent forums obtained jurisdiction…(5) the source of the applicable law; and (6) the adequacy of procedures in the state court to protect the federal plaintiff's rights. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652 (S.D.N.Y. 1997), at 655.

Since this matter does not relate to "res or property", the first Colorado River factor is inapplicable; similarly, the second factor does not apply given the geographical proximity of the underlying state court action, based in Bronx County, New York, and this matter, based in the Southern District. *See, Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y.,* 762 F.2d 205, 210 (2d Cir. 1985).

The third Colorado River factor urges courts to avoid piecemeal litigation. Breach of contract claims have already been asserted against JJAA by Carthage, Key, Big Apple, and Trogon in the underlying state court action. Permitting the same claims to survive in this action, which are not raised by the true party in interest, would force JJAA to defend against identical allegations in two separate lawsuits, would create the potential for inconsistent rulings thereby opening the door for further protracted litigation. Based on third Colorado River factor, this Court should decline to hear any breach of contract claims against JJAA in this forum.

Further, the fourth Colorado River factor implores this Court to consider the order in which the concurrent forums obtained jurisdiction. The underlying state court action has been pending since 2021. The 3rd party actions against JJAA have been pending since 2023 and are subject to

8

ongoing motion practice, with regard to the claims asserted against JJAA. Based on the fourth

Colorado River factor, this Court should decline to assert jurisdiction over the breach of contract

claims asserted against JJAA since New York state court has had jurisdiction over these claims for

quite some time.

The fifth Colorado River factor relates to the source of the applicable law in relation to the

claims to be considered. Breach of contract claims are state law claims; therefore, under the fifth

Colorado River factor, this Court should abstain. *See, Arkwright-Boston*, 762 F.3d at 211.

The sixth Colorado River factor asks a court to consider whether there are adequate

procedures in state court, to protect the rights of a federal plaintiff. Here, there is absolutely no

impediment to Ohio Security litigating any breach of contract claims against JJAA in state court.

Notably, Ohio Security has alleged that they are already providing a defense to Carthage, Key, Big

Apple, and Trogon in the underlying state court matter and are essentially already pursuing breach

of contract claims against JJAA in state court.

When considered as a whole, the Colorado River doctrine heavily favors abstention in this

case. The Court should decline to entertain the breach of contract claims raised by Ohio Security

against JJAA to avoid piecemeal litigation and potential divergent outcomes, based on the fact that

jurisdiction was established in state court first, since breach of contract claims are state law claims

and since there are adequate state court procedures to protect the rights of Ohio Security.

### 3.  Ohio Security Has Failed to State a Claim on Which Relief Can Be Granted

Given that Ohio Security lacks standing to sue JJAA, since they were not a party to the contract

between JJAA and Trogon and were not an intended beneficiary of the contract nor the insurance

policy issued by Arch to JJAA, Ohio Security has failed to state a claim on which relief can be

granted with regard to the breach of contract claim raised against JJAA.

9

It is a fundamental principal of the justice system that any plaintiff seeking to recover, or seeking a declaration of entitlement to any benefit, must first show that they are a real party in interest with regard to a dispute and have standing to litigate a matter.

Ohio Security was neither a party to, nor an intended beneficiary of the contract entered into between JJAA and Trogon. Further, based upon the privity provision contained in the additional insured endorsement in the Arch insurance policy, Ohio Security has absolutely no basis to raise any claim on behalf of Carthage, Key or Big Apple since the endorsement would only potentially provide additional insured coverage to Trogon, the party in privity with JJAA at the time the contract was executed.

Even if Ohio Security were amend their Complaint to proceed as a subrogee of Carthage, Key, Big Apple, and/or Trogon, Ohio Security's claims would still necessarily fail as this Court would have to consider the residencies of the real parties in interest, Carthage, Key, Big Apple, and Trogon, which are all domiciled in New York state.

Given that Ohio Security lacks standing to bring any breach of contract claim against JJAA, Ohio Security cannot be entitled to any ruling in their favor with regard to the duties and obligations of JJAA, or its insurer, Arch and Ohio Security has failed to state a claim on which relief can be granted.

## **CONCLUSION**

Based on the foregoing, JJAA respectfully requests that this Court issue and Order (1) granting JJAA's motion to dismiss in its entirety, (2) dismissing the Second Cause of Action in its entirety and (3) for any additional and further relief that this Court deems just and proper.

Dated: October 17, 2024                    Respectfully submitted,

                                                     MORRIS DUFFY ALONSO FALEY & PITCOFF

By:    *Danielle J. Reiss*

_____

Danielle J. Reiss (dreiss@mdafny.com)
***Attorney for Defendant, JJAA Builders Corp.***
Office and Post Office Address
101 Greenwich Street, 22nd Floor
New York, New York 10006
T: (212) 766-1888
F: (212) 766-3252
Our File No.: (ARC) 76804

11

## **CERTIFICATION**

I hereby certify that the total number of words in this motion to dismiss in lieu of an Answer, exclusive of the cover page and signature block is: 3,141.

Dated: October 17, 2024

MORRIS DUFFY ALONSO FALEY & PITCOFF

By:   *Danielle J. Reiss*

_____

Danielle J. Reiss (dreiss@mdafny.com)
***Attorney for Defendant, JJAA Builders Corp.***
Office and Post Office Address
101 Greenwich Street, 22nd Floor
New York, New York 10006
T: (212) 766-1888
F: (212) 766-3252
Our File No.: (ARC) 76804

12