UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OHIO SECURITY INSURANCE COMPANY,

               Plaintiff,

       v.

ARCH SPECIALTY INSURANCE COMPANY,

               Defendant.

Civ. No.:
1:24-cv-07128-JLR

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT OF FACTS**

Defendant Arch Specialty Insurance Company ("Arch"), by and through its attorneys Kenney Shelton Liptak Nowak LLP, responds to plaintiff Ohio Security Insurance Company's Rule 56.1 Statement of Facts as follows:

14. Ohio Security issued a commercial general liability policy (No. BLS 62491041) to Trogon that provides coverage for the policy period December 31, 2020 to December 31, 2021. Holmes Decl., Ex. 1.

**RESPONSE:** Undisputed.

15. In his complaint in the underlying action, Cacho alleges the defendants and/or their "agents" were "negligent, reckless and careless" in that, among other things, they failed to provide him with a "safe place to work" as well as "proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent [him] from falling from same." Roberto Decl., Ex. 5, ¶ 32.

**RESPONSE:** Undisputed.

16. In the underlying action, JJAA was impleaded as a Third Third-Party Defendant, Fourth Third-Party Defendant and Fifth Third-Party Defendant. Roberto Decl., Exs. 7, 9, 11.

**RESPONSE:** Undisputed.

17. JJAA joined issue with each of the third-party complaints directed against it. Roberto Decl., Exs. 8, 10, 12.

**RESPONSE:** Undisputed.

18.    The third-party pleadings allege that Cacho was working for JJAA when the alleged accident occurred, and that JJAA was responsible for his safety. Roberto Decl., Ex. 7, ¶ 19; Ex. 9, ¶¶ 10–12; Ex. 11, ¶¶ 8–10.

**REPONSE:**    Disputed.  The third third-party complaint alleges that Cacho was employed by Big

Apple Designers, Inc. ("Big Apple"), Trogon Interiors Inc. ("Trogon"), and JJAA Builders Corp.

("JJAA").  Roberto Decl. Ex. 7 ¶¶ 17-19.  The fourth third-party complaint does allege that Cacho

was employed by JJAA, but those allegations were made by Big Apple, an entity that pleaded

guilty for an insurance premium invasion scheme involving Big Apple lying about whom it

employed.  Ronan Decl. Ex. L.  Trogon's fifth third-party complaint alleges that Cacho was paid

by Big Apple, Trogon, and JJAA.  Roberto Decl. Ex. 11 ¶¶ 18-20.

19.    The third-party pleadings also allege that JJAA provided the ladder from which Cacho claims he fell and that JJA failed to maintain and repair its equipment. Roberto Decl., Ex. 9, ¶ 28; Ex. 11, ¶¶ 11–12.

**RESPONSE:**  Disputed.  Only Trogon alleged in its third-party complaint against JJAA that JJAA

provided the ladder.  The alleged fact is also irrelevant, as Trogon has not alleged that there was

anything wrong with the ladder.

20.    JJAA did not deny the truth of the allegations that it employed Cacho and provided the ladder he was using and instead denied having sufficient information to form a belief as to those allegations. Roberto Decl., Ex. 8, ¶ 4; Ex. 10, ¶¶ 4, 7; Ex. 12, ¶ 3.

**RESPONSE:**  Undisputed.  However, Cacho testified that he was using equipment provided by Big

Apple, not JJAA.  Ronan Decl. Ex. E at 40:3-41:3, 43:10-19.

21.    Cacho testified he was told that he was working for JJAA and not Big Apple. Roberto Decl., Ex. 13, p. 138.

**RESPONSE:**  Arch does not dispute that Cacho was told to lie about who employed him by an

employee of Big Apple, a company that pleaded guilty to lying about who it employed in

connection with a scheme to avoid paying workers' compensation premiums.  Ronan Decl. Ex. L.

Cacho testified repeatedly that he was employed by Big Apple.  Ronan Decl. Ex. E at 31:5-12,

32:5-24, 33:5-22, 131:3-16.

22.    Cacho testified he never received payment from any entity for work performed on the day of the accident. Roberto Decl., Ex. 13, p. 139.

**RESPONSE:** Undisputed.  However, the alleged fact is irrelevant.  Cacho testified repeatedly that

he had worked for Big Apple since 2019, that he was paid in cash, and that he was working for

Big Apple on the day of his accident.  Ronan Decl. Ex. E at 31:5-12, 32:5-24, 33:5-22, 131:3-16.

23.    Cacho testified he took a ladder from the fifth floor of the construction site, climbed 7 or 8 steps then the ladder moved and he fell over metal debris.  Roberto Decl., Ex. 13, pp. 44–46.

**RESPONSE:** Undisputed.

24.    Cacho testified he was cut on the metal debris which was part of the metal framing. Roberto Decl., Ex. 13, p. 146.

**RESPONSE:** Undisputed.

25.    Cacho testified he did not know if Big Apple was doing the metal framing work as there were many companies. Roberto Decl., Ex. 13, p. 148.

**RESPONSE:** Undisputed.

26.    Cacho did not know who the ladder belonged to; he just used it and no one told him to take it. Roberto Decl. Ex. 13, pp. 45–46.

**RESPONSE:** Undisputed.

27.    An accident report disclosed in the Underlying Action lists JJAA as the employer of the individual who cut his finger on metal material at the Site on October 15, 2021. Roberto Decl., Ex. 6.

**RESPONSE:** Undisputed, although the alleged fact is irrelevant, as it is unknown who filled out

the accident report and Cacho repeatedly testified that he was employe by Big Apple.

28.    On or about May 18, 2023, Ohio Security received a copy of correspondence sent on behalf of Big Apple Designers, Inc. ("Big Apple"), dated May 11, 2023, tendering its defense and indemnification to Trogon based on the allegations in the action filed in the Underlying Action. The tender sought coverage for Big Apple as an additional insured on any policy issued to Trogon. Holmes Decl., Ex. 2.

**RESPONSE:** Disputed in the sense that the letter is stamped "RECEIVED" May 15, 2023.

29.     By letter dated June 16, 2023, Ohio Security tendered the defense and indemnification of Trogon (as well as Big Apple and Carthage 124th, L.P. and Key Developers Inc.) to JJAA and Stern Agency Inc. under the Policy issued by Arch. Holmes Decl., Ex. 3.

**RESPONSE:** Undisputed, although the alleged fact is irrelevant since the letter was not sent to Arch.

30.     On July 24, 2023, Ohio Security emailed Stern Agency Inc. regarding the tender; providing a copy of the same; and requested that the claim be reported to Arch. Holmes Decl., Ex. 4.

**RESPONSE:** Undisputed, although the alleged fact is irrelevant since the email was not sent to Arch.

31.     By letter dated July 31, 2023, Arch denied Ohio Security's tender on behalf of Trogon. Arch's position was that the tender "lacks existence of a written agreement that proceeds the subject occurrence, a condition precedent. Additionally no record existence that the parties seeking coverage are named defendants in order to trigger the coverage sought." Holmes Decl., Ex. 5.

**RESPONSE:** Disputed in the sense that Ohio Security's alleged fact ignores that the letter also disclaimed coverage based on the fact that Cacho's allegations did not raise the possibility that JJAA was a cause of the accident.  Holmes Decl. Ex. 5 (stating that Cacho was actually employed by Big Apple, not JJAA, per Cacho's bill of particulars).

32.     Ohio Security is defending Trogon in the Underlying Action. Holmes Decl., ¶ 9.

**RESPONSE:** Undisputed.

Dated: September 10, 2025                    KENNEY SHELTON LIPTAK NOWAK LLP

                                             By:    /s/ Matthew C. Ronan
                                                    Matthew C. Ronan

                                             The Calumet Building
                                             233 Franklin Street
                                             Buffalo, New York 14202

                                             *Attorneys for defendant Arch Specialty Insurance Company*